CLD-193                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4575
_____

AGUSTIN GARCIA, a/k/a Augustin Garcia,

                                                                        Appellant
v.

THOMAS DECHAN, Ed. Dir., N.J.S.P.;
WILLIAM MOLEINS, Acting Chief of Custody;
PETER F. RONAGHAN, Bus. Manager

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:09-cv-01642)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2010

Before:  BARRY, FISHER and COWEN, <u>Circuit</u> <u>Judges</u>.

(Filed: June 21, 2010)

_____

OPINION
_____

PER CURIAM

        Agustin Garcia, a New Jersey state prisoner proceeding pro se, appeals from an

order of the United States District Court for the District of New Jersey dismissing the

complaint he filed pursuant to 42 U.S.C. § 1983. Because the appeal does not present a substantial question, we will summarily affirm the District Court's order.

## I.

In November 2008, Garcia filed a complaint in the District Court against, among others, several officials from New Jersey State Prison, raising claims concerning his medical care and his right of access to the New Jersey state courts. In April 2009, the District Court, acting sua sponte, entered an order that, inter alia, severed the access-to-courts claims from the case, directed the clerk to open a new action for those claims, and dismissed them without prejudice. In doing so, the court concluded that the complaint neither gave fair notice of the grounds on which the access-to-courts claims rested, nor alleged facts demonstrating that Garcia suffered an actual injury.

Garcia subsequently filed an amended complaint with respect to his access-to-courts claims. On November 2, 2009, the District Court, again acting sua sponte, dismissed the amended complaint with prejudice, holding that Garcia had failed to sufficiently plead the requisite injury. This appeal followed.[1]

## II.

A prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). An

---

[1]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Garcia's amended complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

2

actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). The prisoner must describe any such lost claims in his complaint. Id.

In this case, Garcia's amended complaint failed to plead facts demonstrating that Appellees' alleged conduct caused him to suffer an actual injury. First, although he alleged that Appellees refused to copy certain documents he sought to file in two state cases in which he was challenging prison conditions, the amended complaint did not describe the underlying claims in those cases or otherwise plead facts indicating that those cases had any merit. Second, his allegations that Appellees confiscated, refused to copy, and/or were delinquent in mailing certain documents relating to his first petition for state post-conviction relief do not state a viable access-to-courts claim, for he was represented by counsel in that proceeding, and his amended complaint did not allege that Appellees prevented him from communicating with counsel or otherwise interfered with counsel's efforts in that case.[2] Finally, although Garcia alleged that Appellees have refused to copy his second post-conviction petition – a petition that, even in the absence of any alleged denial of court access, might be untimely under New Jersey law[3] – the claims he

_____

[2]Although Garcia contends that his counsel in the post-conviction proceeding provided ineffective assistance, the New Jersey Superior Court's Appellate Division rejected that argument on appeal. See State v. Garcia, 2009 N.J. Super. Unpub. LEXIS 2782, at *14-15 (N.J. Super. Ct. App. Div. Nov. 6, 2009) (per curiam).

[3]Pursuant to N.J. Ct. R. 3:22-12, a prisoner seeking post-conviction relief generally must file a petition within five years of the judgment in question. Garcia concedes that he did not attempt to file his second post-conviction petition until after this five-year period,

3

apparently seeks to raise in that petition lack merit and/or have already been rejected by the New Jersey Superior Court's Appellate Division on appeal from the denial of his first post-conviction petition.

In light of the above, we find no error in the District Court's decision to dismiss Garcia's amended complaint.  Because this appeal does not present a substantial question, we will summarily affirm the District Court's order.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

but he argues that his case falls within the rule's exception, which allows an otherwise untimely petition to proceed if the delay was due to the prisoner's "excusable neglect." We express no opinion on the merits of this argument.